## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

William Lawrence Cook

Case No. F-81-0785

BY JUDGE EDWARD L. RYAN, JR.

January 26, 1982

Judge Garnett's dismissal was because of "lack of notice" to the defendant of the habitual offender hearing and order of March 9, 1979 (Circuit Court of the City of Norfolk).

Code § 46.1-387.5 *in 1979* permitted service on a defendant by publication. The amendment of the statute in 1980 was entirely prospective. (The amendment did not become effective until *after* Judge Garnett's ruling of May 29, 1980. The amending act, Chapter 568, Acts of 1980, does not declare it to be immediately effective as an emergency measure, hence it became effective on July 1, 1980).

In Judge J. R. Zepkin's article, "Collateral Estoppel: An Emerging Weapon--or Trap," 8 Va. B. Assoc. Jour., No. 1, Winter 1982, it is stated that the "court will have to look beyond the face of the record to inquire as to whether the basis for a [previous] finding was factual or legal." If the finding is based on legal reasons, then defenses of jeopardy or estoppel are not available to a defendant. Judge Zepkin's example here is "faulty indictment or some other reason unrelated to a defendant's guilt or innocence." In *Johnson v. Commonwealth*, 221 Va. 736 (1981), it was held that the reason for acquittal was found to be legal and the doctrines of double jeopardy and collateral estoppel not to apply.

At this writing, the court leans toward overruling the motion to quash the indictment because it appears that Judge Garnett's ruling was a "legal" one and not based on a factual finding favorable to defendant. But as counsel for defendant has not had an opportunity to

address this question, he is granted ten days within which to respond. Counsel for the Commonwealth is granted five days in which to reply to counsel's response.

March 9, 1982

The dispositive test is whether Judge Garnett's finding of lack of due notice to defendant was "factual" or "legal." If merely legal, then there is no jeopardy, and defendant must answer the charges again.

In *Johnson v. Commonwealth*, 221 Va. 736, the court defines the test as follows:

> *United States v. Scott*, 437 U.S. 82 (1978), recognizes that double jeopardy following dismissal depends on subtle distinctions in the reasons underlying a judgment. It appears that the court in *Scott* approved a new definition of the acquittal required to invoke a double jeopardy defense. The Court held that a defendant is acquitted for double jeopardy purposes where the ruling of the trial judge represents a resolution in the defendant's favor, correct or not, of some or all of the *factual elements* of the *offense charged*. This permits a court to distinguish between a dismissal granted pursuant to a legal defense and a dismissal granted pursuant to a factual defense. The latter would qualify as an acquittal for double jeopardy purposes. A legal dismissal might not because its effect could result in a termination of the proceedings against the defendant *on a basis unrelated to factual guilt or innocence*. (Emphasis supplied.)

In *Scott* the defendant successfully moved for dismissal on the ground of preindictment delay. The reasoning for the factual/legal test is made apparent in the following from *Scott*:

> We think that in a case such as this, the defendant, by deliberately choosing to seek termination of the proceeding against him on a basis *unrelated to factual guilt or innocence* of the offense of which he is accused, suffers no injury cognizable under the Double Jeopardy Clause if the government is permitted to appeal . . . . Rather, we conclude that the Double Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice . . . . [R]espondent successfully avoided

such a submission of the first count ... by persuading the trial court to dismiss it *on a basis which did not depend on guilt or innocence.* He was thus neither acquitted nor convicted because he himself successfully undertook to persuade the trial court not to submit the issue of guilt or innocence to the jury which had been empaneled to hear him. (Emphasis supplied.)

In the present case, Judge Garnett's finding of no notice dealt with a mechanical procedure and was in no way concerned with substantive guilt or innocence. In short, dismissals based on "special pleas" are no basis for application of the double jeopardy rule.

Defendant's motion to quash must be overruled and a proper order entered thereon.